THE CREDITORS' LAW GROUP, APC
David J. Richardson (State Bar No. 168592)
djr@thecreditorslawgroup.com
Laura L. Buchanan (State Bar No. 156261)
llb@thecreditorslawgroup.com
2301 Hyperion Avenue, Ste. A
Los Angeles, CA 90027
Telephone:    (323) 686-5400
Facsimile:    (323) 686-5403

[Proposed] Attorneys for Chimney Hill
Properties, Ltd., Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CHIMNEY HILL PROPERTIES, LTD.,<br><br>Debtor, | Case No. 2:10-bk-65062-VZ<br><br>Chapter 11<br><br>**AMENDED APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF THE CREDITORS' LAW GROUP, A PROFESSIONAL CORPORATION, AS COUNSEL TO THE DEBTOR-IN-POSSESSION; DECLARATION OF DAVID J. RICHARDSON**<br><br>[ No Hearing Required ] |

Chimney Hill Properties, Ltd., debtor and debtor-in-possession (the "Debtor" or "Chimney Hill Properties") in the above-captioned chapter 11 case (the "Case"), hereby submits this amended application (the "Amended Application") for an order pursuant to section 327 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Rules of Bankruptcy Procedure for the Central District of California (the "Local Rules") authorizing the employment and retention of The Creditors' Law Group, a Professional Corporation ("TCLG") as counsel for the

1

Debtor effective December 27, 2010 (the "Retention Date"). In support of this Amended Application, the Debtor submits the verified statement of David J. Richardson (the "Richardson Declaration"), which is incorporated herein by reference.

This Amended Application is being filed to address concerns raised by the United States Trustee's office that there may be potential or actual conflicts of interest created by the simultaneous representation of this Debtor and one or more of its related entities on account of outstanding prepetition unsecured loans between the Debtor, its general partner, Rossco Holdings, LLC ("Rossco"). An amended employment applications is also being filed in the related chapter 11 case of 1009 BH Properties, LLC, and declarations of David J. Richardson will be filed in the related cases of Rossco Holdings, Inc., Monte Nido Estates, LLC, WM Properties, Ltd., and Colony Lodging, Inc., on account of intercompany claims that have been identified between certain of those entities. As discussed herein, under the circumstances of these cases, the Debtor does not believe that the intercompany debts disclosed herein create an actual conflict that requires disqualification of TCLG in any of the present related chapter 11 cases, nor the retention of alternative or special counsel to address such intercompany claims.

The Debtor respectfully represents as follows:

### I.    JURISDICTION

1. This Court has jurisdiction to consider this Amended Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.    BACKGROUND

2. As of December 27, 2010, Chimney Hill Properties owned real property located at 1013 N. Beverly Drive, Beverly Hills, CA 90210 (the "Property"). Certain of the Debtor's affiliates – 1009 BH Properties, LLC, Monte Nido Estates, LLC, Colony Lodging, Inc., Rossco Holdings, Inc., and WM Properties, Ltd. (together, the "Ross-Related Debtors") are also Chapter 11 debtors in this Court[1] and are represented by TCLG. Rossco Holdings, Inc. ("Rossco") is the Debtor's general partner.

---

[1] The Debtor's president and owner is Leonard M. Ross. Mr. Ross filed a chapter 11 voluntary petition in this Court on September 15, 2010.

2

3. On December 27, 2010 (the "Petition Date"), Chimney Hill Properties filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, Chimney Hill Properties continues to operate its business and manage its properties, affairs and assets as debtor-in-possession.

4. The Debtor has selected TCLG as its bankruptcy counsel.

### III. THE PROPOSED RETENTION OF GENERAL BANKRUPTCY COUNSEL, THE CREDITORS' LAW GROUP, A PROFESSIONAL CORPORATION

**A.  Scope of Engagement**

5. By this Amended Application, the Debtor seeks to employ TCLG at the expense of the estate from the Retention Date as its general bankruptcy counsel on the terms and conditions set forth herein. A true and correct copy of the retention agreement between the Debtor and TCLG is attached to the Richardson Declaration as Exhibit "A" and incorporated herein by this reference (the "Retention Agreement").

6. It is necessary for the Debtor to employ general bankruptcy counsel to advise it generally concerning the rights, duties and obligations of a debtor and debtor-in-possession under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Central District of California, the orders of this Court, the requirements of the United States Trustee for the Central District of California, and to do all of those things which may, from time to time, be necessary to aid the Debtor in the prosecution of this Chapter 11 case, including, *inter alia*, to:

a. assist the Debtor in legal aspects of compliance with the rules of the Office of the United States Trustee;

b. assist the Debtor in defense of motions for relief from stay, where appropriate;

c. advise the Debtor with respect to pending litigation and, if appropriate, to represent the Debtor with respect to bankruptcy issues arising in or attendant thereto, and to either handle existing or new bankruptcy-related litigation or adversary proceedings, or assist special litigation counsel, if any, retained for such purposes;

    d.    assist the Debtor in preparing motions and other pleadings concerning operations, cash collateral, pending statutory deadlines and recovery of estate property;

    e.    assist the Debtor in matters affecting property of the estate;

    f.    assess prospects for reorganization of the Debtor's financial affairs under Chapter 11 of the Bankruptcy Code and, if appropriate, assist in the prompt formulation, proposal, confirmation and implementation of a Chapter 11 Plan to conclude the Bankruptcy Case;

    g.    assist the Debtor in the prosecution of claim objections to the extent that funds are generated for the estate; and

    h.    conduct such other investigations and take such other legal actions that may be necessary and appropriate and as are customary in Chapter 11 cases.

**B.    Retainers, Draw Downs and Procedures for Future Payment**

    7.    Pursuant to its Retention Agreement, TCLG received from CHSC, Ltd., which is an affiliate of the Debtor, a retainer of $10,000 (the "Retainer") which will be applied to fees and costs incurred prior to the Petition Date and future fees and costs as they are earned. The Retainer was placed in a segregated, interest-bearing trust account.

    8.    It is contemplated that TCLG will, pursuant to the U.S. Trustee Employment Guide, draw upon the trust account and serve a face-sheet fee application on a monthly basis pursuant to the U.S. Trustee Employee Guide and Professional Fee Statement (Form UST-6) until such time as the Retainer is fully exhausted. TCLG will not draw down on the Retainer for post-petition services until its employment is approved. The Debtor anticipates that TCLG's post-petition fees and expenses will exceed the amount of the available Retainer funds in the trust account. Attached to the Richardson Declaration as Exhibit B is a fee and expense schedule for TCLG. Attached to the Richardson Declaration as Exhibit C is a copy of resumes for the attorneys at TCLG who will work on this case.

    9.    Pursuant to Section 331 of the Bankruptcy Code, all court-approved professionals (the "Professionals") are entitled to submit applications for interim compensation and reimbursement of expenses not more often than every one hundred twenty (120) days. However,

given the fast pace typical of corporate chapter 11 cases, there is a great deal of activity ongoing and, if the Professionals are required to wait an extended period of time for payment and reimbursement, the Professionals will be unnecessarily inconvenienced through delay of non-payment of, in some instances large receivables, to the detriment of such Professionals. The Debtor acknowledges that TCLG is a small, two-attorney firm, and that long delays between payments of fees would pose a hardship to TCLG. Therefore, as is typical and accepted in more complex cases (which the Debtor maintains this is, given the pending cases of the Ross-Related Entities and Mr. Ross), the Debtor intends to file a Motion for Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals, requesting that the Court establish a procedure for compensating and reimbursing Professionals on a monthly basis.

### C. **Disinterestedness of The Creditors' Law Groups, APC**

10. To the best of the Debtor's knowledge, including consideration of the attached Declaration of David J. Richardson, the Debtor believes and alleges that TCLG is a disinterested person as that term is defined in 11 U.S.C. § 101(14), and brings to the representation no interest adverse to the Debtor, its creditors, any other party in interest, its respective attorneys and accountants, or to this estate, and has no relation to any bankruptcy judge presiding in this district or any relation to the United States Trustee in this district, or any person employed in the Office of the United States Trustee. In the original application for employment, TCLG has disclosed the following, none of which TCLG believes create a conflict or adverse interest:

    a. TCLG attorney David J. Richardson was, until January 29, 2010, a partner at Winston & Strawn, LLP. At various times while at Winston & Strawn, Richardson provided minor support for certain matters on behalf of JP Morgan Chase Bank, N.A. ("JP Morgan"), the secured creditor in this Debtor's case, and also worked on several matters that were adverse to, or involved in a related capacity, JP Morgan. None of these matters had any connection to any of the Ross-Related Entities, and no actual conflict or adverse interest arises therefrom.

    b. TCLG represents the Ross-Related Debtors, which are affiliates of the Debtor, in their bankruptcy cases in this Court.

5

11.     Since commencing its proposed representation of the Debtor, TCLG has learned that there are intercompany claims between Chimney Hill and certain of the other Rossco-Related Debtors that were not disclosed in the original employment application. These intercompany claims are primarily outstanding prepetition loans or contingent contribution claims against co-debtors such as guarantors or general partners. In this particular Debtor's case, Rossco, the Debtor's general partner, owes the Debtor in excess of $5.5 million on outstanding unsecured loans. The Debtor has filed a proof of claim in the Rossco chapter 11 case to address this claim.

12.     TCLG is simultaneously filing an amended employment applications in the chapter 11 case of 1009 BH Properties, LLC, where an order authorizing employment of TCLG has not yet been entered, and is filing Declarations of David J. Richardson in each of the four Rossco-Related Debtors' cases where an order has been entered approving TCLG's employment: specifically, Rossco, WM Properties, Ltd., Monte Nido Estates, LLC, and Colony Lodging, Inc. A complete list of the intercompany claims between one or more of the Ross-Related Debtors of which the Debtor is presently aware are as follow:

   a.   Chimney Hill has filed a claim against Rossco for an amount in excess of $5.5 million arising from outstanding loans to Rossco, and for outstanding loans to a non-debtor entity for which Rossco is the general partner;

   b.   1009 BH Properties has filed a claim against Rossco for $2,000,000.00 arising from an outstanding advance;

   c.   Rossco has filed a claim against WM Properties for $1,675,000.00 arising from an outstanding loan, and for a contingent, unliquidated claim in the event Rossco is required to pay any of WM Properties' debts as its general partner;

   d.   Rossco has filed a contingent, unliquidated claim against Monte Nido Estates, LLC for any amounts Rossco may become obligated to pay as a co-debtor, if any;

e.  Rossco has filed a contingent, unliquidated claim against Colony Lodging, Inc., for any amounts Rossco may become obligated to pay as a co-debtor, if any;

f.  WM Properties has filed a claim against Colony Lodging, Inc. for $63,089.00 arising from an unpaid debt;

g.  WM Properties has filed a claim against Rossco for $316,384.58 arising from an unpaid debt; and

h.  WM Properties has filed a claim against Monte Nido Estates, LLC for $14,000.00 arising from an unpaid debt.

13.  Certain of the Rossco-Related Debtors have also filed similar claims in the chapter 11 case of Leonard M. Ross, but as there is already separate counsel between the individual and corporate cases, this does not create any potential conflict issues.

14.  In addition, the Debtor and its related entity 1009 BH Properties, LLC ("1009 BH Properties") are each likely to file an action against their respective secured lender, JP Morgan Chase Bank, N.A. for declaratory relief and damages. Both debtors' claims would be virtually identical and the simultaneous pursuit of such claims should not prejudice either debtor's estate or create any actual conflict.

15.  The Debtor does not believe that the existence of these intercompany claims creates an actual conflict that would require separate counsel for several reasons. First, courts generally hold that the existence of intercompany claims does not require disqualification or replacement counsel, but that the facts of each case should be evaluated to determine whether an actual conflict could exist:

> [T]he presence of intercompany claims between debtors represented by the same counsel does not automatically warrant the disqualification of that counsel.' Due to 'the substantial cost of requiring additional trustees or counsel in cases where individual debtors have claims against each other,' courts 'have taken a 'wait and see,' fact-driven, approach, to determine the extent to which [additional professionals are] necessary.

In re Adelphia Communs. Corp., 342 B.R. 122, 128 (S.D.N.Y. 2006). See also, In re International Oil Company, 427 F.2d 186, 187 (2d Cir. 1970) (record which showed existence of intercompany claims was not "sufficient to saddle . . . estates [of four affiliated corporations] with the expense of

7

separate . . . trustees' attorneys at the present time"); In re Coal River Resources, Inc., 321 B.R. 184, 188 n.4 (W.D. Va. 2005) ("[T]he mere fact of intercompany claims among debtor entities 'does not in and of itself constitute an impermissible conflict of interest that would justify disqualification.'"); In re Roberts, 75 B.R. 402, 405-06 (D. Utah 1987) (since interdebtor claims were neither disputed nor priority claims, simultaneous representation of the debtor was not a conflict per se); In re N.S. Garrott & Sons, 63 B.R. 189, 192 (Bankr. E.D. Ark. 1986) ("attorneys may have conflicts which are technical and nondisqualifying"); In re Hoffman, 53 B.R. 564, 566 (Bankr. W.D. Ark. 1985) ("Whether . . . an actual disqualifying conflict exists must be considered in light of the particular facts of each case."); In re Guy Apple Masonry Contractor, Inc., 45 B.R. 160, 166 (Bankr. D. Ariz. 1984) ("question is not whether a conflict exists but whether that conflict is materially adverse to the estate, creditors, or equity security holders"); In re Global Marine, Inc., 108 B.R. 998, 1004 (Bankr. S.D. Tex. 1987) ("mere existence of an intercompany claim does not in and of itself constitute an impermissible conflict of interest that would justify disqualification or denial of compensation"). However, as the United States Trustee's office has raised the existence of intercompany claims as a potential conflict issue to be disclosed, the Debtor files this Amended Application.

16. Further, in these particular cases, the intercompany claims are general unsecured claims, and many of them are merely contingent rights to contribution that may or may not ultimately ripen into an actual claim, and therefore it would be premature to determine that an actual conflict exists.

17. A reorganization of most, or potentially all, of the Rossco-Related Debtors is likely to be a coordinated effort, may involve the substantive consolidation of multiple entities, and is likely to be funded by the sale of real property of one or more of the two entities that ultimately owns each of the other Rossco-Related Debtors – whether that is a real property sale by Rossco, or by Leonard M. Ross. If the anticipated values of the real property held by certain of the Rossco-Related Debtors are correct, then most of the entities are solvent, and, as a result, the existence of general unsecured intercompany claims may have no impact upon the ultimate recoveries of other creditors. Thus, it is premature to conclude whether there is an actual conflict created by the existence of the intercompany claims.

18. Thus, the Debtor believes that TCLG is disinterested.

WHEREFORE, the Debtor prays for an order of this Court authorizing it to employ TCLG as an expense of this estate, effective as of December 27, 2010 (the Petition Date), to authorize the procedures for payment of fees and reimbursement of costs from the Retainer as provided herein, and for such other and further relief as is just and proper.

Dated: February 2, 2011

CHIMNEY HILL PROPERTIES, LTD.
BY ROSSCO HOLDINGS, INC., ITS
GENERAL PARTNER

By: _____
Leonard M. Ross
President of Rossco Holdings, Inc.

Dated: February 2, 2011

THE CREDITORS' LAW GROUP,
a Professional Corporation

By: /s/ David J. Richardson
David J. Richardson

## DECLARATION OF DAVID J. RICHARDSON

Pursuant to 28 U.S.C. § 1746, I, David J. Richardson, hereby declare:

1.  I am an attorney at law admitted and in good standing to practice in the State of California. I am the principal of The Creditors' Law Group, a Professional Corporation ("TCLG"), based in Los Angeles, California.

2.  I make this declaration (this "Declaration") pursuant to section 327 of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Central District of California (the "Local Rules") in support of the Amended Application (the "Amended Application") for an order authorizing the employment of The Creditors' Law Group as counsel for chapter 11 debtor and debtor-in-possession Chimney Hill Properties, Ltd. (the "Debtor"). Unless otherwise stated, I have personal knowledge of the facts set forth in this Declaration. Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Amended Application.

### Qualifications of Professionals

3.  TCLG was retained by the Debtor on or about December 23, 2010 to advise it as general counsel in preparing, filing and prosecuting its chapter 11 case. A true and correct copy of the retention agreement between the Debtor and TCLG is attached hereto, marked as Exhibit "A" and incorporated herein by this reference (the "Retention Agreement"). As set forth in the Amended Application and in the Retention Agreement, TCLG will advise and counsel the Debtor generally and specifically concerning the rights, duties and obligations of a debtor under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the orders of this Court, the requirements of the United States Trustee for the Central District of California, and do all of those things which may, from time to time, aid the Debtor in the prosecution of this Chapter 11 case. A more detailed description of the types of services is set forth in the Amended Application to which this declaration is attached. TCLG is experienced in bankruptcy proceedings and is willing to accept as compensation such amount as may hereinafter be allowed by this Court.

4.  I have practiced chapter 11 bankruptcy law since beginning my practice in 1993, and

am familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Procedure, and will comply with them.

5. Pursuant to its Retention Agreement, TCLG received a prepetition retainer of $10,000 (the "Retainer") from CHSC, Ltd., which is an affiliate of the Debtor. TCLG placed the Retainer in a segregated, interest-bearing trust account. It is contemplated that TCLG will, pursuant to the U.S. Trustee Employment Guide, draw upon the trust account and serve a face-sheet fee application on a monthly basis pursuant to the U.S. Trustee Employee Guide and Professional Fee Statement (Form UST-6) until such time as the retainer is fully exhausted. I will ensure that no draw downs for postpetition services occur before the Amended Application is approved. When TCLG's post-petition fees and expenses exceed the amount of the Retainer in the trust account, TCLG will seek payment of such additional sums from the bankruptcy estate pursuant to a duly noticed fee application(s).

6. After due notice, TCLG will, pursuant to Bankruptcy Code §§ 330 and 331, apply to the Court for allowance of fees not more frequently than every 120 days, which application will be heard upon notice to creditors and interested parties unless the Court approves other procedures for payment of interim fees, which the Debtor will shortly request. TCLG will accept such fees as may be awarded by the Court. TCLG expects that its compensation will be based upon a combination of factors, including, without limitation, its normal hourly fees charged to clients which pay TCLG monthly, as those fees are adjusted from time to time, experience and reputation of counsel, time expended, results achieved, novelty and difficulty of matters undertaken, including time limitations imposed, preclusion from other employment, the nature and length of the professional relationship and awards in similar cases.

7. As set forth in the Amended Application, the Debtor intends to request that the Court establish procedures for compensating and reimbursing professionals on a monthly basis, including TCLG. Subject to Court approval of the Debtor's request, TCLG will also file monthly fee statements and seek monthly payment of its post-petition fees and expenses.

8. TCLG does not hold or assert a prepetition monetary claim against the Debtor.

9. TCLG has neither shared nor agreed to share any compensation for this engagement

11

except among the members of TCLG.

10. The regular hourly rates of the attorneys of TCLG who will work on this matter are as follows: (i) David J. Richardson - $450.00/hour; and (ii) Laura L. Buchanan - $425.00/hour. These rates may change from time to time. Notice of any such increases will be provided to the Debtor and the United States Trustee. A copy of the firm's fee and expense schedule is attached hereto as Exhibit "B". Copies of our resumes are attached hereto as Exhibit "C".

11. As of the date of this declaration, to the best of my knowledge, TCLG and all of its attorneys and contract-attorneys are disinterested persons as that term is defined in 11 U.S.C. § 101(14), and pursuant to FRBP 2014(A), neither TCLG nor any attorney or contract-attorney of TCLG are connected with the Debtor, the creditors, or any other party in interest, their respective attorneys and accountants, or to this estate, and has no relation to any bankruptcy judge presiding in this district or any relation to the United States Trustee in this district, or any person employed in the Office of the United States Trustee, except as disclosed herein.

12. To the best of my knowledge, neither TCLG, nor any professional employed by TCLG:

    a. is or was a creditor, an equity security holder or an insider of the Debtor;

    b. is or was within two years before the date of filing of the petition, a director, officer or employee of the Debtor; or

    c. holds an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

13. In the normal course of its business, TCLG maintains a list of all parties it currently represents, all parties it has represented in the past, and all parties which have been directly adverse to a client of TCLG. Such information can be searched to determine if TCLG has or may have a conflict with any potential new client or adversary.

14. After a search of such information, it does not appear that TCLG brings to this representation any actual or potential conflict of interest with any party-in-interest in this Chapter 11 case. However, the following relate to parties-in-interest and therefore are disclosed as follows:

      a.  TCLG attorney David J. Richardson was, until January 29, 2010, a partner at Winston & Strawn, LLP. At various times while at Winston & Strawn, Richardson provided minor support for certain matters on behalf of JP Morgan Chase Bank, N.A. ("JP Morgan"), the secured creditor in this Debtor's case, and also worked on several matters that were adverse to, or involved in a related capacity, JP Morgan. None of these matters had any connection to any of the Ross-Related Entities, and no actual conflict or adverse interest arises therefrom.

      b.  TCLG represents the Ross-Related Debtors (1009 BH Properties, LLC, Monte Nido Estates, LLC, Colony Lodging, Inc., Rossco Holdings, Inc., and WM Properties, Ltd.), which are affiliates of the Debtor, in their bankruptcy cases in this Court.

15.  TCLG believes that it is disinterested and has no adverse interests to those of the Debtor.

16.  Since commencing its proposed representation of the Debtor, TCLG has learned that there are intercompany claims between Chimney Hill and certain of the other Rossco-Related Debtors that were not disclosed in the original employment application. These intercompany claims are primarily outstanding prepetition loans or contingent contribution claims against co-debtors such as guarantors or general partners. In this particular Debtor's case, Rossco, the Debtor's general partner, owes the Debtor in excess of $5.5 million on outstanding unsecured loans. The Debtor has filed a proof of claim in the Rossco chapter 11 case to address this claim.

17.  TCLG is simultaneously filing an amended employment application in the chapter 11 case of the related debtor, 1009 BH Properties, LLC, as well as a declaration advising the Court of these issues in the chapter 11 cases of each of the other Rossco-Related Debtors. A complete list of the intercompany claims between one or more of the Ross-Related Debtors of which the Debtor is presently aware are as follow:

      a.  Chimney Hill has filed a claim against Rossco for an amount in excess of $5.5 million arising from outstanding loans to Rossco, and for outstanding loans to a non-debtor entity for which Rossco is the general partner;

      b.     1009 BH Properties has filed a claim against Rossco for $2,000,000.00 arising from an outstanding advance;

      c.     Rossco has filed a claim against WM Properties for $1,675,000.00 arising from an outstanding loan, and for a contingent, unliquidated claim in the event Rossco is required to pay any of WM Properties' debts as its general partner;

      d.     Rossco has filed a contingent, unliquidated claim against Monte Nido Estates, LLC for any amounts Rossco may become obligated to pay as a co-debtor, if any;

      e.     Rossco has filed a contingent, unliquidated claim against Colony Lodging, Inc., for any amounts Rossco may become obligated to pay as a co-debtor, if any;

      f.     WM Properties has filed a claim against Colony Lodging, Inc. for $63,089.00 arising from an unpaid debt;

      g.     WM Properties has filed a claim against Rossco for $316,384.58 arising from an unpaid debt; and

      h.     WM Properties has filed a claim against Monte Nido Estates, LLC for $14,000.00 arising from an unpaid debt.

18.     Pursuant to applicable case law, and under the facts of these related cases, I do not believe that the existence of these intercompany claims gives rise to an actual conflict of interest.

19.     Upon discovery of any actual or potential conflict or any material fact that may create an actual or potential conflict or that bears upon TCLG's continued disinterestedness, TCLG will provide notice to those parties entitled to notice thereof. The notice will outline the facts giving rise to TCLG's potential conflict of interest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 2nd day of February, 2011 at Los Angeles, California.

                                              /s/ David J. Richardson
                                              David J. Richardson

| In re: | CHAPTER: 11 |
|---|---|
| Chimney Hill Properties, Ltd. | |
| Debtor(s). | CASE NUMBER: 2:10-bk-65062-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027

A true and correct copy of the foregoing document described as

**AMENDED APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF THE CREDITORS' LAW GROUP, A PROFESSIONAL CORPORATION, AS COUNSEL TO THE DEBTOR-IN-POSSESSION; DECLARATION OF DAVID J. RICHARDSON**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 2, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On February 2, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Vincent Zurzolo (By Fedex)
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 2, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 2, 2011 | David Richardson | /s/ David J. Richardson |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                F 9021-1.1

| In re: Chimney Hill Properties, Ltd. | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:10-bk-65062-VZ |

I. **TO BE SERVED BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

Stacy Harrison – stacy.harrison@bingham.com
Dare Law – dare.law@usdoj.gov
David J Richardson - djr@thecreditorslawgroup.com
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

II. **TO BE SERVED BY FIRST CLASS MAIL**

Chimney Hill Properties, Ltd.
1011 N. Beverly Drive,
Beverly Hills, CA  90210

Dare Law
US Trustee's Office
725 S. Figueroa St., Ste. 2600
Los Angeles, CA  90017

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9021-1.1**