THE CREDITORS' LAW GROUP, APC
David J. Richardson (State Bar No. 168592)
djr@thecreditorslawgroup.com
Laura L. Buchanan (State Bar No. 156261)
llb@thecreditorslawgroup.com
2301 Hyperion Avenue, Ste. A
Los Angeles, CA 90027
Telephone:    (323) 686-5400
Facsimile:    (323) 686-5403

[Proposed] Attorneys for Chimney Hill
Properties, Ltd., Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:10-bk-65062-VZ |
| CHIMNEY HILL PROPERTIES, LTD., | Chapter 11 |
| Debtor, | **NOTICE OF <u>AMENDED</u> APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF THE CREDITORS' LAW GROUP, A PROFESSIONAL CORPORATION, AS COUNSEL TO THE DEBTOR-IN-POSSESSION**<br><br>[11 U.S.C. § 330]<br><br>[No Hearing Required] |

PLEASE TAKE NOTICE that Chimney Hill Properties, Ltd., debtor and debtor-in-possession (the "Debtor" or "Chimney Hill") in the above-captioned chapter 11 case (the "Case"), has submitted an amended application (the "Amended Application") for an order pursuant to section 327 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Rules of Bankruptcy Procedure for the Central District of California (the "Local Rules") authorizing the employment and retention of The Creditors' Law Group, a Professional Corporation ("TCLG") as

1

counsel for the Debtor effective December 27, 2010 (the "Retention Date"). The Amended Application is filed to disclose additional intercompany debts between the Debtor and its related entities that are also debtors-in-possession under Chapter 11 of the Bankruptcy Code. In compliance with Local Bankruptcy Rule 2014-1(b)(3), the Debtor hereby provides the following information regarding the Amended Application:

### A. The Identification of the Professional and Purpose and Scope of the Proposed Employment

The Debtor has selected TCLG as its general bankruptcy counsel to assist the Debtor in accomplishing the goals of the Debtor's reorganization under Chapter 11. In order to ensure a successful reorganization, it is essential that the Debtor employ the services of general bankruptcy counsel experienced in Chapter 11 and insolvency law.

### B. Overview of the Debtor's Business and Chapter 11 Filing

On December 27, 2010, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Central District of California, Los Angeles Division. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its properties, affairs and assets as a debtor-in-possession.

The Debtor owns real property located at 1013 N. Beverly Drive, Beverly Hills, CA 90210 (the "Property"). Certain of the Debtor's affiliates – 1009 BH Properties, LLC, Monte Nido Estates, LLC, Colony Lodging, Inc., Rossco Holdings, Inc., and WM Properties, Ltd. (together, the "Ross-Related Debtors") are also Chapter 11 debtors in this Court.

### C. The Proposed Retention of General Bankruptcy Counsel: The Creditors' Law Group, APC

The Debtor seeks to employ TCLG as its general bankruptcy counsel to advise it generally concerning the rights, duties and obligations of a debtor and debtor-in-possession under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Central District of California, the orders of this Court, the requirements of the United States Trustee for the Central District of California, and to do all of those things which may, from time to time, be necessary to aid the Debtor in the prosecution of this Chapter 11 case, including, *inter alia*, to: (1) assist the Debtor in legal aspects of compliance with the rules of the Office of the United States

Trustee; (2) assist the Debtor in defense of motions for relief from stay, where appropriate; (3) advise the Debtor with respect to pending litigation and, if appropriate, to represent the Debtor with respect to bankruptcy issues arising in or attendant thereto, and to either handle existing or new bankruptcy-related litigation or adversary proceedings, or assist special litigation counsel, if any, retained for such purposes; (4) assist the Debtor in preparing motions and other pleadings concerning operations, cash collateral, pending statutory deadlines and recovery of estate property; (5) assist the Debtor in matters affecting property of the estate; (6) assess prospects for reorganization of the Debtor's financial affairs under Chapter 11 of the Bankruptcy Code and, if appropriate, assist in the prompt formulation, proposal, confirmation and implementation of a Chapter 11 Plan to conclude the Bankruptcy Case; (7) assist the Debtor in the prosecution of claim objections to the extent that funds are generated for the estate; and (8) conduct such other investigations and take such other legal actions that may be necessary and appropriate and as are customary in Chapter 11 cases.

**D.    Arrangements for Compensation of Proposed General Bankruptcy Counsel**

Pursuant to its Retention Agreement, attached to the Amended Application as Exhibit 1, TCLG received from CHSC, Ltd., which is an affiliate of the Debtor, a retainer of $10,000 (the "Retainer") which will be applied to fees and costs incurred prior to the Petition Date and future fees and costs as they are earned. The Retainer was placed in a segregated, interest-bearing trust account.

The current hourly rates of the TCLG attorneys who will work on the Debtor's case are: (1) David J. Richardson - $450.00/hour; and (2) Laura L. Buchanan - $425.00/hour. Such rates may change from time to time in the future.

It is contemplated that TCLG will, pursuant to the U.S. Trustee Employment Guide, draw upon the trust account and serve a face-sheet fee application on a monthly basis pursuant to the U.S. Trustee Employee Guide and Professional Fee Statement (Form UST-6) until such time as the Retainer is fully exhausted. TCLG will not draw down on the Retainer for post-petition services until its employment is approved. The Debtor anticipates that TCLG's post-petition fees and expenses will exceed the amount of the available Retainer funds.

Pursuant to Section 331 of the Bankruptcy Code, all court-approved professionals (the "Professionals") are entitled to submit applications for interim compensation and reimbursement of

expenses not more often than every one hundred twenty (120) days. However, given the fast pace typical of corporate chapter 11 cases, there is a great deal of activity ongoing and, if the Professionals are required to wait an extended period of time for payment and reimbursement, the Professionals will be unnecessarily inconvenienced through delay of non-payment of, in some instances large receivables, to the detriment of such Professionals. The Debtor acknowledges that TCLG is a small, two-attorney firm, and that long delays between payments of fees would pose a hardship to TCLG. Therefore, as is typical and accepted in more complex cases (which the Debtor maintains this is, given the pending cases of the Ross-Related Entities), the Debtor intends to file a Motion for Order Establishing Procedure for Interim Compensation and Reimbursement of Expenses of Professionals, requesting that the Court establish a procedure for compensating and reimbursing Professionals on a monthly basis.

E.   **Disinterestedness of The Creditors' Law Groups, APC**

To the best of the Debtor's knowledge, the Debtor believes and alleges that TCLG is a disinterested person as that term is defined in 11 U.S.C. § 101(14), has no interest adverse to the Debtor, its creditors, any other party in interest, its respective attorneys and accountants, or to this estate, and has no relation to any bankruptcy judge presiding in this district or any relation to the United States Trustee in this district, or any person employed in the Office of the United States Trustee. Although it submits that no conflict or adverse intent results therefrom, TCLG has disclosed the following in the Amended Application:

   a.   TCLG attorney David J. Richardson was, until January 29, 2010, a partner at Winston & Strawn, LLP. At various times while at Winston & Strawn, Richardson provided minor support for certain matters on behalf of JP Morgan Chase Bank, N.A. ("JP Morgan"), the secured creditor in this Debtor's case, and also worked on several matters that were adverse to, or involved in a related capacity, JP Morgan. None of these matters had any connection to any of the Ross-Related Entities, and no actual conflict or adverse interest arises therefrom.

   b.   TCLG also represents the Ross-Related Debtors (1009 BH Properties, LLC, Monte Nido Estates, LLC, Colony Lodging, Inc., Rossco Holdings, Inc., and WM Properties,

Ltd.), which are affiliates of the Debtor, in their bankruptcy cases in this Court, but does not believe that any actual conflict or adverse interest arises therefrom.

Since commencing its proposed representation of the Debtor, TCLG has learned that the scope of claims between 1009 BH Properties and certain of the other Rossco-Related Debtors is more extensive than originally disclosed. These intercompany claims are primarily outstanding loans or contingent contribution claims against co-debtors such as guarantors or general partners. In this particular Debtor's case, Rossco, the Debtor's managing member and sole equityholder, owes the Debtor $2,000,000 on account of an outstanding prepetition advance. The Debtor has filed a proof of claim in the Rossco chapter 11 case to address this claim.

TCLG is simultaneously filing an amended employment applications in the chapter 11 case of Chimney Hill Properties, Ltd, where an order authorizing employment of TCLG has not yet been entered, and is filing Declarations of David J. Richardson in each of the four Rossco-Related Debtors' cases where an order has been entered approving TCLG's employment: specifically, Rossco, WM Properties, Ltd., Monte Nido Estates, LLC, and Colony Lodging, Inc. The following is a complete list of the intercompany claims between one or more of the Rossco-Related Debtors of which the Debtor is presently aware:

  a. Chimney Hill has filed a claim against Rossco for an amount in excess of $5.5 million arising from outstanding loans to Rossco, and for outstanding loans to a non-debtor entity for which Rossco is the general partner;

  b. 1009 BH Properties has filed a claim against Rossco for $2,000,000.00 arising from an outstanding advance;

  c. Rossco has filed a claim against WM Properties for $1,675,000.00 arising from an outstanding loan, and for a contingent, unliquidated claim in the event Rossco is required to pay any of WM Properties' debts as its general partner;

5

    d.    Rossco has filed a contingent, unliquidated claim against Monte Nido Estates, LLC for any amounts Rossco may become obligated to pay as a co-debtor, if any;

    e.    Rossco has filed a contingent, unliquidated claim against Colony Lodging, Inc., for any amounts Rossco may become obligated to pay as a co-debtor, if any;

    f.    WM Properties has filed a claim against Colony Lodging, Inc. for $63,089.00 arising from an unpaid debt;

    g.    WM Properties has filed a claim against Rossco for $316,384.58 arising from an unpaid debt; and

    h.    WM Properties has filed a claim against Monte Nido Estates, LLC for $14,000.00 arising from an unpaid debt.

Pursuant to applicable case law, and under the facts of these related cases, I do not believe that the existence of these intercompany claims gives rise to an actual conflict of interest. Thus, the Debtor believes that TCLG is disinterested.

**F.    Effective Date of Employment**

The Debtor desires to employ TCLG as an expense of this estate, effective as of December 27, 2010.

**G.    Procedure for Obtaining Copy of Amended Application**

A copy of the Amended Application may be obtained upon request to David J. Richardson, The Creditors' Law Group, APC, 2301 Hyperion Avenue, Ste. A, Los Angeles, California 90027, telephone: (323) 686-5400, facsimile: (323) 686-5403, email: djr@thecreditorslawgroup.com.

**H.    Procedure for Objecting to the Amended Application and/or Requesting a Hearing**

Any response and request for a hearing must be made in the form required by Local Bankruptcy Rule 9013-1(o)(1), and be filed and served not later than 14 days from the date of service of this notice on the Applicant and proposed counsel for the Applicant at the address that appears in the upper left-hand corner of this Notice, and on the United States Trustee, 725 S. Figueroa St., 26th Floor, Los Angeles, California 90017-5524.

| | |
|---|---|
| Dated: February 2, 2011 | THE CREDITORS' LAW GROUP, a Professional Corporation |
| | By: /s/ David J. Richardson |
| | David J. Richardson |
| | [Proposed] Attorneys for Chimney Hill Properties, Ltd. |

| In re: | CHAPTER: 11 |
|---|---|
| Chimney Hill Properties, Ltd. | |
| Debtor(s). | CASE NUMBER: 2:10-bk-65062-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027

A true and correct copy of the foregoing document described as

**NOTICE OF AMENDED APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF THE CREDITORS' LAW GROUP, A PROFESSIONAL CORPORATION, AS COUNSEL TO THE DEBTOR-IN-POSSESSION; DECLARATION OF DAVID J. RICHARDSON**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 2, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On February 2, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Vincent Zurzolo (Fedex)
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 2, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 2, 2011 | David Richardson | /s/ David J. Richardson |
|---|---|---|
| Date | Type Name | Signature |

| In re: | | CHAPTER: 11 |
|---|---|---|
| Chimney Hill Properties, Ltd. | Debtor(s). | CASE NUMBER: 2:10-bk-65062-VZ |

## I. TO BE SERVED BY COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):

Stacy Harrison – stacy.harrison@bingham.com
Dare Law – dare.law@usdoj.gov
David J Richardson - djr@thecreditorslawgroup.com
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov

## II. TO BE SERVED BY FIRST CLASS MAIL

Chimney Hill Properties, Ltd.
1011 ½ Beverly Dr.
Beverly Hills, CA 90210-2328

MERRI JEAN ROSS
1023 NORTH ROXBURY DR
BEVERLY HILLS, CA 90210

CHSC LTD.
P.O. Box 10539
Beverly Hills, CA 90213

LANDON ROSS
1011 ½ N. BEVERLY DR.
BEVERLY HILLS, CA 90210

JACQUELYN ROSS
1023 NORTH ROXBURY DR
BEVERLY HILLS, CA 90210

Treasurer And Tax Collector
225 N. Hill Street
Los Angeles, CA 90012

Absolut Pool & Spa
3145 Coldwater Canyon
Studio City, CA 91604

Leonard M. Ross Revocable Trust (u/d/t 12-20-85)
1011 1/2 N. Beverly Drive
Beverly Hills, CA 90210

The Landon Michael Ross 1987 Trust (26.875%)
1011 1/2 N. Beverly Drive
Beverly Hills, CA 90210

Dare Law - US Trustee's Office
725 S. Figueroa St., Ste. 2600
Los Angeles, CA 90017

Rossco MP Properties Co LLC
1011 1/2 N. Beverly Drive
Beverly Hills, CA 90210

Franchise Tax Board
P.O. Box 942857
Sacramento, CA 94257

TIME WARNER CABLE
P.O. BOX 60074
CITY OF INDUSTRY, CA 91716-0074

SOUTHERN CALIFORNIA EDISON
UTILITY BILLING
455 N. REXFORD DRIVE, ROOM 240
BEVERLY HILLS, CA 90210

THE GAS COMPANY
P.O. BOX C
MONTEREY PARK, CA 91756

ALL GUARD, INC.
P.O. BOX 320087
FAIRFIELD, CT 06825

CITY OF BEVERLY HILLS
UTILITY BILLING
455 N. REXFORD DRIVE, ROOM 240
BEVERLY HILLS, CA 90210

The Jacquelyn Michelle Ross 1987 Trust (26.875%)
1011 1/2 N. Beverly Drive
Beverly Hills, CA 90210

The Landon Michael Ross 1992 Trust (19.940%)
1011 1/2 N. Beverly Drive
Beverly Hills, CA 90210

The Jacquelyn Michelle Ross 1992 Trust (19.940%)
1011 1/2 N. Beverly Drive
Beverly Hills, CA 90210

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9021-1.1